UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| CARDINAL SQUARE, LLC, | ) |
| Plaintiff, | ) Civil Action No. 3:18-CV-423-CHB |
| v. | ) |
| | ) **MEMORANDUM OPINION AND** |
| ENVELOPE GROUP, LLC, et al., | ) **ORDER GRANTING PARTIES'** |
| | ) **JOINT MOTION TO TRANSFER** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendants' Joint Motion to Transfer Venue to the United States District Court for the Southern District of Indiana ("Joint Motion to Transfer") [R. 30]. Defendants Validated Custom Solutions LLC; Envelop Group LLC; Open Control Systems LLC; and LG Electronics U.S.A., Inc. allege that venue is appropriate in the Southern District of Indiana and that transfer is appropriate under 28 U.S.C. § 1404(a). *Id.* The Plaintiff does not object to the transfer. [R. 31] For the reasons stated herein, the Court will grant the motion.

### I. Background

Plaintiff Cardinal Square, LLC filed its Complaint in Jefferson Circuit Court on or about May 18, 2018 and subsequently filed an Amended Complaint on or about May 25, 2018. [R. 1-1] Plaintiff asserts claims for breach of contract, breach of warranty, fraud, negligence, and products liability. [R. 1-1, Am. Compl., at ¶¶ 49-98] Plaintiff filed this lawsuit against three Indiana companies (Validated Custom Solutions, LLC, Envelop Group, LLC, and Open Control Systems, LLC) that allegedly installed certain HVAC products at the property, and one company incorporated in Delaware with its principal place of business in New Jersey (LG Electronics, U.S.A., Inc. ("LG Electronics")) that manufactured the products at issue in the Indiana property.

- 1 -

*Id.* at ¶ 5. In the Amended Complaint, all relevant events, products, and property are based in Muncie, Indiana. *See generally id.* On July 2, 2018, Defendant LG Electronics removed this action on the basis of diversity jurisdiction with the consent of the plaintiff pursuant to 28 U.S.C. §§ 1446(a) and 1332. [R. 1] On September 18, 2018, the defendants jointly moved to transfer this case to the Southern District of Indiana, and the plaintiff did not object. [R. 30, R. 31]

**II.     Analysis**

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Analyzing a motion to transfer under Section 1404(a) is a two-step inquiry. First, the Court must determine whether the action "might have been brought" in the Southern District of Indiana. This "limiting clause" of the statute should be given a "broad or generous construction. . ." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

In their Joint Motion to Transfer, the defendants allege that "this case could have been brought in the Southern District of Indiana" pursuant to the general venue statute, 28 U.S.C. § 1391(b)(2). [R. 30-1, at p. 3] Under § 1391(b)(2), a party may bring a civil action in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Defendants allege that the case could have been brought in the Southern District of Indiana because the plaintiff alleges claims of products liability and improper installation and maintenance of the subject HVAC system in property located in Muncie, Indiana. The defendants do not argue that "a substantial part of the events" that give rise to plaintiff's claims took place near Muncie, Indiana; they allege that the "case arises *entirely* out of events that occurred in the State of Indiana [and] that [the case] should be litigated and tried in Indiana." [R.

30, at p. 2 (emphasis added)]  Further, the defendants assert that "no part of this lawsuit concerns events or property outside the Southern District of Indiana." *Id.*  They argue that the Southern District of Indiana would be the "most logical and convenient forum for the parties and witnesses because all the events, products, and property in this case are located in that district." *Id.*, at p. 1.  The Court agrees this action could have been brought in the Southern District of Indiana. § 1391(b)(2).

Next, the Court must consider whether a transfer is appropriate even if an action could have been brought elsewhere.  To determine the appropriateness of transfer under Section 1404(a), the Court considers whether a change of venue will facilitate the "convenience of [the] parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a).  District courts have broad discretion to determine whether a motion to transfer is appropriate. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)).  "[I]n ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.,* 446 F.3d 643, 647, n. 1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.,* 929 F.2d 1131, 1137 (6th Cir. 1991)).  To justify transfer, the new forum must be more convenient than this one (not equally convenient or less so).  *See Van Dusen*, 376 U.S. at 646.  Even if the transfer is convenient for the parties, the Court must still consider whether the transfer would be in the "interest of justice." *See Phelps*, 30 F.3d 663 (upholding district court's denial of transfer where transfer would have been futile since plaintiff's claims would still have been barred by applicable statute of limitations borrowed from transferor court).

Here, the Court finds that transfer in this case is appropriate under 28 U.S.C. § 1404(a). The convenience of the parties would be better served in the Southern District of Indiana. First, the parties are mostly Indiana citizens.[1] Plaintiff is an Indiana LLC, though its sole member is a Kentucky citizen. [R. 1-1, at ¶ 1] Defendants Envelop Group, LLC, Validated Custom Solutions, LLC, and Open Control Systems, LLC are all Indiana citizens. [R. 1, at pp. 2-3, ¶¶ 7-9] Defendant LG Electronics is a non-Indiana citizen, but LG Electronics allegedly manufactured the HVAC unit that is the subject of this lawsuit for use at the Indiana property. *Id.* at p. 1. Second, the defendants advise that "the majority of the parties, their employees, and the other potential witnesses" are also in Indiana. *Id.* at p. 4. The Western District of Kentucky, Louisville Division is roughly 171 miles away from this property. The Southern District of Indiana is a much more convenient place for the witnesses. Finally, transfer to the Southern District of Indiana does not offend the interests of justice as the transfer will not vitiate plaintiff's substantive rights in any way, evidenced by plaintiff's consent to the transfer. [R. 31] Therefore, the Court finds transfer would serve the interests of justice. *See Phelps*, 10 F.3d 663.

For the above reasons, and the Court being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** as follows:

1. The Defendants' Joint Motion to Transfer Venue to the United States District Court for the Southern District of Indiana [**R. 30**] is **GRANTED**. This case is **transferred to the United States District Court for the Southern District of Indiana.**

October 30, 2018

Claria Boom, District Judge
United States District Court

cc: Counsel
    Jury Clerk

---

[1] The Court notes that a limited liability company has the citizenship of each of its members. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).