UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARDINAL SQUARE, LLC, | ) |
|        Plaintiff, | ) |
| v. | )   No. 1:18-cv-03351-RLY-DLP |
| ENVELOP GROUP, LLC, | ) |
| VALIDATED CUSTOM SOLUTIONS, LLC, | ) |
| OPEN CONTROL SYSTEMS, LLC, | ) |
| LG ELECTRONICS USA, INC., | ) |
|        Defendants. | ) |
| OPEN CONTROL SYSTEMS, LLC, | ) |
|        Counter Claimant, | ) |
| v. | ) |
| CARDINAL SQUARE, LLC, | ) |
|        Counter Defendant. | ) |

**JOINT PROPOSED CASE MANAGEMENT PLAN**

**I.**    **Parties and Representatives**

    A.    Cardinal Square, LLC;
           Envelop Group, LLC;
           Validated Custom Solutions, LLC
           Open Control Systems, LLC
           LG Electronics U.S.A., Inc.

    B.    <u>Counsel for Plaintiff and Counter Defendant</u>: Cardinal Square, LLC

           Jonathan H. Matthews
           Gaddis & Matthews PLLC
           10345 Linn Station Rd., Suite 300
           Louisville, KY 40223
           jon@gaddismatthews.com
           (Ph) 502-805-2303

    C.    <u>Counsel for Co-Defendants and Counter Claimant</u>:  Envelop Group, LLC; Validated Custom Solutions, LLC; and Open Control Systems, LLC (Defendant/Counter Claimant)

Matt McCubbins
Faegre Baker Daniels LLP
110 W. Berry Street, Suite 2400
Fort Wayne, IN 46802
matt.mccubbins@faegrebd.com
(Ph) 260-460-1714

    D.    <u>Counsel for Co-Defendant</u>: LG Electronics U.S.A., Inc. ("LG")

Gene F. Zipperle, Jr.
Max Smith
Ward, Hocker & Thornton, PLLC
Hursbourne Place, Suite 700
9300 Shelbyville Rd.
Louisville, Kentucky 40222
gfzipperle@whtlaw.com
max.smith@whtlaw.com
(Ph) 502-753-3778

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.  Jurisdiction and Statement of Claims

    A.    The Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000 and the parties are citizens of different states.  28 U.S.C. § 1332.  Cardinal Square, an Indiana limited liability company, with a sole member that is a resident and citizen of the Commonwealth of Kentucky.  Defendants Envelop Group, Validated Custom Solutions, and Open Control Systems—all LLCs—are comprised of members who are citizens of Indiana.  And Defendant LG Electronics U.S.A is a corporation organized under the laws of the State of Delaware, with its principal place of business located in New Jersey.

    B.    Plaintiff/Counter Defendant's Summary Statement:  plaintiff is the owner of two student housing apartment buildings located in Muncie, IN.  Plaintiff entered into a contract with defendant Validated Custom Solutions for the purchase, commissioning, checking, testing, start-up and maintenance of  HVAC systems manufactured by defendant LG and related equipment for use in the apartment buildings.  At all relevant times defendant Envelop Group acted as the parent company of VCS and OCS, which provided various servicing and commissioning

2

responsibilities as outlined in the Complaint. At various times VCS and OCS provided servicing and maintenance of the HVAC units. The HVAC units did not meet requisite specifications, were not installed, commissioned or tested properly, and generally did not work properly which caused significant damage to the Plaintiff. Envelop Group, VCS, OCS and their respective agents, made various representations to Plaintiff regarding resolution of the various defects and deficiencies of the HVAC units but refused to correct the multitude of failures. The claims against the defendants include, breach of contract, breach of warranties, misrepresentation, products liability, fraud and negligence. The Plaintiff's claims, including legal theories and facts upon which the claims are based, are more fully outlined in Plaintiff's complaint and amended complaints.

C. Defendant Envelop Group's Summary Statement: On July 9, 2018, Envelop Group filed a motion to dismiss for failure to state a claim upon which relief can be granted. (Doc. 9—filed with the W.D. Ky. before transfer). That motion has been fully briefed and is pending. Plaintiff's complaint does not contain direct or inferential allegations directed toward Envelop. Even if Plaintiff's intent is to pierce the corporate veil, the complaint fails to state a claim upon which relief can be granted.

D. Defendants Validated Custom Solutions and Open Control Systems's (counter claimant) Summary Statement: Defendants deny Plaintiff's allegations. The subject HVAC units met the agreed upon specifications and were installed to industry standards. These Defendants assert that if any problems were encountered with the subject HVAC units they are a result of Plaintiff's own failures to maintain and operate those systems appropriately. These Defendants further assert that a maintenance program for the subject HVAC units was offered to Plaintiff, but Plaintiff did not purchase/agree for such program. Additionally, Open Control Systems has a counter claim for sums due and owing for services/products provided to Plaintiff, or for the value of those products/services.

E. Defendant LG's Summary Statement:

This Defendant denies the Plaintiff's allegations. Plaintiff is not in privity of contract with this Defendant. To the extent Plaintiff has any remedies available to it with respect to the equipment which is the subject of this litigation; such remedies are limited to written warranties to the extent any such warranties apply. This Defendant did not participate in the installation of the equipment, or the maintenance or operation of the same. To the extent that there are any actual issues with respect to the performance of the equipment, those problems were and are the result of the conduct of other parties in failing to properly install, commission, maintain or operate the equipment.

**III.     Pretrial Pleadings and Disclosures**

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **February 15, 2019** [no later than 4 months from Anchor Date]. [Note: Fed. R. Civ. P. 26(a)(1)(E) permits the parties to object to making initial disclosures or to stipulate to a different deadline for making such disclosures based upon the circumstances of the action. If any objection and/or stipulation is made to initial disclosures in the CMP, the parties shall briefly state the circumstances justifying their respective positions.]

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **February 22, 2019** [no later than 7 days after initial disclosures are served].

C. Defendant(s) shall file preliminary witness and exhibit lists on or before **March 1, 2019** [no later than 14 days after initial disclosures are served].

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **April 22, 2019** [no later than 5 months from Anchor Date].

> III. E.: The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service. These should be emailed to Judge Pryor at mjpryor@insd.uscourts.gov.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **March 29, 2019** [no later than 5 months from the Anchor Date]. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **September 20, 2019** [no later than 12 months from Anchor Date]. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before [30 days after Plaintiff(s) serves its expert witness disclosure]; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **October 21, 2019** [no later than 13 months from Anchor Date].

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **January 31, 2020** [no later than 120 days prior to the proposed trial month]. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **December 20, 2019** [no later than 14 months from Anchor Date]. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. Discovery of electronically stored information ("ESI").

No party anticipates producing a substantial volume of ESI in this case at this time. The parties have agreed that ESI will be provided in the form of Portable Document Format (PDF), when deemed reasonable in the view of the producing party. In the event a party believes that metadata is required, the parties agree to meet and confer regarding production of the same.

Claw-Back Provision: In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV. Discovery[1] and Dispositive Motions**

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. [Note: A statement such as, "Defendant will seek summary judgment because no material facts are in dispute," is insufficient. Such a statement does not indicate to the Court that the parties used the CMP as an opportunity to seriously explore whether this case is appropriate for summary judgment or other dispositive motion. However, the failure to set forth a basis for a dispositive motion in the CMP will not bar a party from raising this argument at the motions stage.]

Plaintiff: This case is not appropriate for summary judgment.

Defendants Validated Custom Solutions and Open Control Systems (Counter Claimant): At this time, these Defendants believe summary judgment is appropriate in this case on the issues of statute of limitations, economic loss rule, privity of contract, breach of contract, and any applicable limitation of remedies and/or warranties, and potentially the interrelationship between certain parties and whether certain parties took part in the subject of this case. Further, Open Control Systems believes summary judgment is appropriate on its counter claim; the parties agreed to a valid contract and Open Control Systems performed its obligations, yet Plaintiff did not.

Defendant LG: At this time, Defendant LG believes summary judgment is appropriate on the issue of the statute of limitations, the applications of the various contractual warranties that limit the remedies, and/or recovery available to the Plaintiff against this Defendant, and whether the Plaintiff has a breach of contract claim against this Defendant based on lack of privity.

---

receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

    B.    On or before **August 30, 2019** [no later than 7 days after the non-expert discovery deadline], and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

    C.    Select the track that best suits this case:

    _____ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by _____ [no later than 16 months from Anchor Date].  [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

    \_\_X\_\_ Track 2: Dispositive motions are expected and shall be filed by **October 18, 2019** [no later than 11-12 months from Anchor Date]; non-expert witness discovery and discovery relating to liability issues shall be completed by **August 23, 2019** [no later than 10 months from Anchor Date]; expert witness discovery and discovery relating to damages shall be completed by **January 24, 2020** [no later than 15 months from Anchor Date]. All remaining discovery shall be completed by **February 21, 2020** [no later than 16 months from Anchor Date]. [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

    _____ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____. [Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility.  However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V. **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in July/2019 [month/year].**

VI. **Trial Date**

The parties request a trial date in **April/ 2020** [month/year]. The trial is by Jury [Court or jury] and is anticipated to take 7 days [hours/days]. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

VII. **Referral to Magistrate Judge**

   A. **Case**. At this time, all parties do not [do/do not] consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial. [This section should be marked in the affirmative only if all parties consent. Do not indicate if some parties consent and some do not. Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial. It is not necessary to file a separate consent. Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

   B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII. **Required Pre-Trial Preparation**

   A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

      1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

8

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

Respectfully submitted,

/s/ *Jonathan Matthews*
JONATHAN H. MATTHEWS
Gaddis & Matthews PLLC
10345 Linn Station Rd, Ste 300
Louisville, Kentucky 40223
jon@gaddismatthews.com
Phone: 502-805-2303
Fax: 502-805-2304
*Counsel for Plaintiff*
*Cardinal Square, LLC*

/s/ *Matt McCubbins* (with permission)
MATT MCCUBBINS
Faegre Baker Daniels LLP
110 W. Berry St., Ste. 2400
Fort Wayne, Indiana 46802
Matt.McCubbins@FaegreBD.com
*Counsel for Defendants,*
*Envelop Group, LLC;*
*Validated Custom Solutions, LLC;*
*and Open Control Systems, LLC*

/s/ *Max Smith*  (with permission)
GENE F. ZIPPERLE, JR.
MAX SMITH
Ward Hocker & Thornton, PLLC

          Hurstborne Place, Suite 700
          9300 Shelbyville Road
          Louisville, Kentucky 40222
          GZipperle@whtlaw.com
          max.smith@whtlaw.com
          *Counsel for Defendant,*
          *LG Electronics U.S.A., Inc.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| X | PARTIES APPEARED IN PERSON/BY COUNSEL ON  2/5/19   FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____. |
| X | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR  July 2, 2019   AT  10:00  A .M. COUNSEL SHALL APPEAR:<br><br>    X      IN PERSON IN ROOM   255  ; OR<br><br>   _____    BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR<br><br>   _____    BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN   October 18, 2019.  Discovery shall be completed by August 23, 2019. |

12

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date: 2/7/2019

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

**CERTIFICATE OF SEVICE**

      This is to certify that on this 23rd day of January 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System and the foregoing document was served electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures upon all parties in the electronic filing system in the case by electronic mail including:

MATT MCCUBBINS
Faegre Baker Daniels LLP
110 W. Berry St., Ste. 2400
Fort Wayne, Indiana 46802
Matt.McCubbins@FaegreBD.com
*Counsel for Defendants,*
*Envelop Group, LLC;*
*Validated Custom Solutions, LLC;*
*and Open Control Systems, LLC*


GENE F. ZIPPERLE, JR.
MAX SMITH
Ward Hocker & Thornton, PLLC
Hurstborne Place, Suite 700
9300 Shelbyville Road
Louisville, Kentucky 40222
GZipperle@whtlaw.com
Max.smith@whtlaw.com
*Counsel for Defendant,*
*LG Electronics U.S.A., Inc.*

                                            /s/ Jonathan Matthews
                                            *Counsel for Plaintiff*