UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARDINAL SQUARE, LLC,         )<br>                              )<br>         PLAINTIFF,          )<br>                              )<br>v.                            )<br>                              )<br>ENVELOP GROUP, LLC,           )<br>VALIDATED CUSTOM SOLUTIONS, LLC, )<br>OPEN CONTROL SYSTEMS, LLC,    )<br>LG ELECTRONICS USA, INC.,     )<br>                              )<br>         DEFENDANTS.         )<br>_____)<br>                              )<br>OPEN CONTROL SYSTEMS, LLC,    )<br>                              )<br>         COUNTERCLAIM PLAINTIFF, )<br>                              )<br>v.                            )<br>                              )<br>CARDINAL SQUARE, LLC,         )<br>                              )<br>         COUNTERCLAIM DEFENDANT. ) | Case No.  1:18-cv-03351-RLY-DLP<br><br>*Electronically Filed* |

**ENVELOP'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Envelop's presence in this lawsuit is improper.  Cardinal Square claims Defendant LG's HVAC systems are faulty.  Defendants VCS and OCS provided services to Plaintiff Cardinal Square in connection with those systems, but Envelop did not.  While Envelop may share common members with VCS and OCS, that is not enough.  After being allowed to amend its complaint for a second time, Cardinal Square's allegations against Envelop still fail because (1) its claims of fraud are not pleaded with particularity, (2) the purported fraud is comprised of future promises that are not actionable, and (3) its "alter ego" and "ownership and control" allegations are conclusory.  Envelop should be dismissed from this case.

1

## I. Standard of Review and Choice of Law

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Morgan v. LVNV Funding, LLC*, 2014 WL 4680694 at *1 (S.D. Ind. Sept. 19, 2014)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The standard is not whether there are "any set of facts" that would entitle plaintiff to relief. That older standard was retired in 2007 by the Supreme Court in *Bell Atlantic Corp. v. Twombly*. *Ashcroft*, 556 U.S. at 669-70. As the Supreme Court went on to clarify in the later *Ashcroft* decision:

> "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief."

*Ashcroft*, 556 U.S. at 677-78 (internal citations omitted).

The Federal Rules of Civil Procedure make it especially important to go beyond conclusory allegations in actions sounding in fraud: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To survive a motion to dismiss, Rule 9's particularity requirement means that the plaintiff must plead, in detail, the "who, what, when, where, and how" of the alleged fraud. *DiLeo v. Ernst & Young*, 901 F.2d

624, 627 (7th Cir. 1990); *Massey v. Ameriquest Mortgage Co.*, 2009 WL 10687757 at *3 (S.D. Ind. Jul. 1, 2009).

Finally, because courts sitting in diversity apply the substantive law of the state in which they sit, including choice of law rules, *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 774 (7th Cir. 2014), the claims in Cardinal Square's new amended complaint must be judged according to Indiana law. Thus, regarding the cause of action for piercing the corporate veil, Indiana law applies because Envelop is an Indiana limited liability company. *RSR Corp. v. Avanti Dev. Inc.*, 2000 WL 1448705 at *12, n.10 (S.D. Ind. Mar. 31, 2000)(stating that piercing the corporate veil is "presumptively governed by the law of the state of incorporation"). And regarding the causes of action sounding in fraud, the subject property in this case is in Indiana so "Indiana law applies because in Indiana claims of fraud are considered to have been committed in the state where the loss occurred." *Massey*, 2009 WL 10687757 at n.3.

## II. Argument

Generally speaking, Cardinal Square's new complaint does little more than substitute Envelop's name within previous allegations of fraud against Defendant VCS[1] (*see* Second Am. Compl., Count 3, p. 11; Count 4, p. 12; and Count 5, pp. 12-13), or recite, in conclusory fashion, elements of piercing the corporate veil (*see* Second Am. Compl., Count 9, ¶¶ 99-110). It is not until paragraph 45 that specificity is attempted:

- Dan Fillenwarth represented to Plaintiff that Envelop Group was the parent company of VCS and OCS.

- At various times between the initial commissioning of the HVAC Units [in 2014 according to paragraphs 27 and 28] until early 2018, Dan Fillenwarth represented to Plaintiff that Envelop Group owned, controlled, and was responsible for the actions of VCS and OCS.

---

[1] Counts 3, 4, and 5 of Cardinal Square's Second Amended Complaint assert the following fraud-based claims against Envelop: misrepresentation, fraudulent concealment, and fraudulent inducement.

- During this time, Dan Fillenwarth also represented to Plaintiff that Plaintiff needed to work directly with Envelop Group with regard to the various deficiencies to the HVAC Units and that Envelop Group's involvement was necessary in order to resolve the various deficiencies to the HVAC Units caused by OCS and VCS.

- During this time, Travis Ihnen also represented to Plaintiff that Plaintiff needed to work directly with Envelop Group with regard to the various deficiencies to the HVAC Units and that Envelop Group's involvement was necessary in order to resolve the various deficiencies to the HVAC Units caused by OCS and VCS.

- During a collective conversation with Dan Fillenwarth, Travis Ihnen, and Mike Martin, it was represented to Plaintiff that Envelop Group was assuming all service warranty responsibilities of VCS and that OCS was the exclusive representative to manage equipment warranties for the HVAC Units.

These details still do not describe an actionable claim.

**A. Cardinal Square's fraud claims against Envelop are not pleaded with particularity.**

Cardinal Square has now had three bites at the apple, yet it has failed to plead fraud against Envelop with the specificity required. Not only do the allegations in paragraph 45 lack the "when and where" requirements, Cardinal Square has not asserted *how* the allegations in paragraph 45 have caused it to suffer harm. As shown by the purchase order attached to its complaint, Cardinal Square contracted with VCS for the subject HVAC units. Second Am. Compl., Exhibit 1. The purchase order between VCS and Cardinal Square has a warranty provision. *Id.* at paragraph L. Cardinal Square does not allege how Envelop's involvement (if any) has voided or nullified its rights and obligations with respect to VCS. *See Morgan*, 2014 WL 4680694 at \*4 (stating: "Plaintiff's legal conclusion is unsupported by any factual allegation and is contradicted by the exhibits attached to the amended complaint…to the extent that an exhibit attached to or referenced by the complaint contradicts the complaint's allegations, the exhibit takes precedence"). Cardinal Square has not pleaded how it was damaged or defrauded by Envelop. Any right to relief it may have is governed through its relationship with VCS, a named defendant in this case.

4

Cardinal Square's Second Amended Complaint also contains contradictory allegations in paragraph 45. On one hand it states, "OCS was the exclusive representative to manage equipment warranties for the HVAC Units." But on the other it states, "Envelop Group was assuming all service warranty responsibilities of VCS." These statements contradict the purchase order attached to the operative complaint, which shows a contract between VCS and Cardinal Square with a warranty provision. These inconsistencies alone justify dismissing Envelop from this case. *See Adelekan v. Dec*, 2013 WL 1499037 at *1-2 (N.D. Ill. Apr. 10, 2013).

## B. Cardinal Square's fraud-based claims against Envelop are based on future promises.

The Second Amended Complaint also alleges Envelop was to assume certain warranties provided by VCS under the subject purchase order and that it agreed to assume responsibility for previous acts of VCS and/or OCS. These allegations, even assuming they are true, are not actionable as fraud.

In Indiana, Cardinal Square's causes of action for fraud "may not be based on representations of future conduct, broken promises, or representations of existing intent that are not executed." *Massey*, 2009 WL 10687757 at *3-4 (stating also, "when an entity misrepresents what actions it will take in the future, a claim for fraud will not lie"). Here, the allegations (if true)—promising to assume warranties and take responsibility for others' alleged acts/omissions—are not actionable as fraud. At best, Cardinal Square alleges Envelop misrepresented what actions it would take in the future. That is insufficient.

## C. Cardinal Square's conclusory recitations of the elements of an "alter ego" claim and allegations of "ownership and control" are insufficient to pierce the corporate veil.

Nor does Cardinal Square's recitation of a few standard perquisites to piercing the corporate veil or for pursuing an "alter ego" theory of liability change the equation. Whether "Envelop Group was the parent company of VCS and OCS" or "owned and controlled VCS and

5

OCS" is irrelevant.

"Indiana courts are reluctant to disregard corporate identity and do so only to protect innocent third parties from fraud or injustice when transacting business with a corporate entity." *Secon Serv. Sys., Inc. v. St. Joseph Bank and Trust Co.*, 855 F.2d 406, 414 (7th Cir. 1988). In seeking to disregard entity status, the burden is on the plaintiff to establish (1) that a corporation was so ignored, controlled, or manipulated that it was merely the instrumentality of another, *and* (2) that the misuse of the corporate form would constitute a fraud or promote injustice. *Timm v. Goodyear Dunlop Tires N. Am., Ltd.*, 2016 WL 165012 at *3 (N.D. Ind. Jan. 14, 2016). "There are eight practices that most often result in a court deciding to disregard the corporate form:

> (1) undercapitalization; (2) absence of corporate records; (3) fraudulent representation by corporation shareholders or directors; (4) use of the corporation to promote fraud, injustice or illegal activities; (5) payment by the corporation of individual obligations; (6) commingling of assets and affairs; (7) failure to observe required corporate formalities; or (8) other shareholder acts or conduct ignoring, controlling, or manipulating the corporate form."

*Id.* at *3. None of these problems have been alleged, let alone shown.

A plaintiff must show a causal connection between misuse of the corporate form and the harm allegedly suffered. *Id.* And, as to fraudulent conduct, a plaintiff must plead supporting facts with the particularity needed to survive a motion to dismiss. *Id.* (stating "nowhere in the proposed second amended complaint do Plaintiffs allege fraud with the particularity needed to survive a motion to dismiss…a Plaintiff must describe the who, what, when, where, and how of the fraud"). Further, when it comes to piercing the corporate veil, ownership and control alone are not sufficient because, if so, "there would be no meaningful distinction between affiliated corporations." *Secon Serv. Sys., Inc.*, 855 F.2d at 415; *see also GL Indus. of Mich., Inc. v. Forstmann-Little*, 800 F.Supp. 695, 705 (S.D. Ind. 1991)(stating "although the two corporations shared nearly identical directors,

officers, and shareholders, this fact does not destroy the distinct and separate identities of the two corporations").

### III. Conclusion

For the foregoing reasons, the complaint fails to state a claim against Envelop upon which relief can be granted and Envelop should be dismissed from this action in its entirety.

Respectfully Submitted,

FAEGRE BAKER DANIELS LLP

/s/ Matt McCubbins
Mark A. Voigtmann (#15870-49)
Matt McCubbins (#28298-31)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Ph: (317) 237-0300
mark.voigtmann@faegrebd.com
matt.mccubbins@faegrebd.com

*Counsel to Defendant,*
*Envelop Group, LLC.*

### Certificate of Service

I hereby certify that on April 18, 2019, a copy of the foregoing was electronically filed via the CM/ECF System, which will be served on all parties of record in the case by electronic mail.

/s/ Matt McCubbins