UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARDINAL SQUARE, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ENVELOP GROUP, LLC, ) <br> VALIDATED CUSTOM SOLUTIONS, LLC, ) <br> OPEN CONTROL SYSTEMS, LLC, ) <br> LG ELECTRONICS USA, INC., ) <br> ) <br> Defendants. ) <br> _____) <br> ) <br> OPEN CONTROL SYSTEMS, LLC, ) <br> ) <br> Counter Claimant, ) <br> ) <br> v. ) <br> ) <br> CARDINAL SQUARE, LLC, ) <br> ) <br> Counter Defendant. ) | No. 1:18-cv-03351-RLY-DLP <br> *ELECTRONICALLY FILED* |

### CARDINAL SQUARE, LLC'S OPPOSITION TO ENVELOP GROUP, LLC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Plaintiff Cardinal Square, LLC ("Cardinal Square" or "Plaintiff"), by counsel, respectfully submits its Opposition to the Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted [DN 60] and supporting Memorandum ("Memo.") [DN 61] (collectively, "Motion") filed by defendant Envelop Group, LLC ("Envelop Group"). Envelop Group is an appropriate party in this action and the claims against it sounding in fraud have been sufficiently plead in Plaintiff's Second Amended Complaint ("Complaint"). Cardinal Square

addresses below the points raised in Envelop Group's Motion and requests that the Motion be summarily denied for the following reasons:

## ARGUMENT

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6)[1], the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

Additionally, Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud, a party must state with particularity the circumstances constituting fraud." The primary purpose of this Rule is to give a defendant "fair notice" of a plaintiff's claim. *Cmedia Servs., LLC v. Rogers*, No. 1:15-cv-00435, 2015 U.S. Dist. LEXIS 112282, at *7 (S.D. Ind. July 31, 2015). "As such, a court should not apply the rule in an 'overly rigid' manner." *Id*. Instead, courts employ a "somewhat flexible" approach that accounts for the difficulties a plaintiff may face in pleading the details of its

---

[1] Although not cited by Envelop Group, Rule 12(b)(6) is the presumed statutory basis for its Motion.

claim. *Cincinnati Life Ins. Co. v. Grottenhuis*, No. 2:10-CV-00205, 2011 U.S. Dist. LEXIS 31857, at *8 (S.D. Ind. Mar. 23, 2011), *aff"d sub nom. Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939 (7th Cir. 2013).

### A. Plaintiff Cardinal Square Has Sufficiently Plead Its Claims Sounding in Fraud.

As a preliminary matter, Envelop Group's Motion does not identify which of the three fraud-based causes of action, or what specific elements of those causes of action, it claims are not plead with sufficient particularity. The Motion should, therefore, be denied on that basis alone. Fed. R. Civ. P. 7(b)(1)(B) ("The motion must…state with particularity the grounds for seeking the order."). Instead, the Motion groups each of the fraud-based claims together and argues they generally do not meet the pleading standards under Rule 9(b).

In any event, with regard to the argument that Plaintiff Cardinal Square has not adequately plead the "when and where" requirements or asserted "how" the allegations have caused harm (Memo. at 4) Plaintiff Cardinal Square has alleged the following:

| ALLEGATION REQUIREMENT | ALLEGATION |
|---|---|
| When[2] | • At various times between the initial commissioning of the HVAC Units until early 2018, Dan Fillenwarth represented to Plaintiff that Envelop Group owned, controlled, and was responsible for the actions of VCS and OCS. (Complaint, ¶ 45). <br>• On November 6, 2013, based on the representations made by VCS, Cardinal Square, LLC, by and through its manager, Larry Gough, |

---

[2] Specific dates and times are not required. *Creative Foods of Ind., Inc. v. My Favorite Muffin, Too, Inc.*, 2002 U.S. Dist. LEXIS 2815, at *14 (S.D. Ind. Jan. 14, 2002) (finding allegation of fraud "during negotiations in 1997" sufficient).

3

executed a Purchase Order with VCS (the "Purchase Order") by and through VCS owner, member and agent Dan Fillenwarth, for the purchase, commissioning, checking, testing, start-up and maintenance of the HVAC Units for the Village Promenade. (Complaint, ¶ 20).

- At various times between the initial commissioning of the HVAC Units until early 2018, Dan Fillenwarth represented to Plaintiff that Envelop Group owned, controlled, and was responsible for the actions of VCS and OCS. (Complaint, ¶ 45).

- During this time, Dan Fillenwarth also represented to Plaintiff that Plaintiff needed to work directly with Envelop Group with regard to the various deficiencies to the HVAC Units and that Envelop Group's involvement was necessary in order to resolve the various deficiencies to the HVAC Units caused by OCS and VCS. (Complaint, ¶ 45).

- Additionally, at various times between the initial commissioning of the HVAC Units until early 2018, Travis Ihnen represented to Plaintiff that Envelop Group owned, controlled, and was responsible for the actions of VCS and OCS. During this time, Travis Ihnen also represented to Plaintiff that Plaintiff needed to work directly with Envelop Group with regard to the various deficiencies to the HVAC Units and that Envelop Group's involvement was necessary in order to resolve the various deficiencies to the HVAC Units caused by

| | |
|---|---|
| | OCS and VCS. (Complaint, ¶ 45).<br><br>• In or around September 2013, VCS, by and through its agent Dan Fillenwarth, represented to Plaintiff as inducement to enter into a contract that the HVAC Units would be equivalent to, and perform better than, specified Daiken brand HVAC units which Plaintiff owned and used in other residential properties owned by Plaintiff. (Complaint, ¶ 6). |
| Where | • Plaintiff is the owner of two student housing apartment buildings called the Village Promenade (hereinafter "Village Promenade") located in at 1623 West University Avenue, Muncie, IN 47303 and serves primarily as housing for college students at Ball State University. In or around April 2013, Plaintiff entered into a contract with VCS for the purchase of LG Variable Refrigerant Flow HVAC systems and related equipment (hereinafter the "HVAC Units") for use in the Village Promenade. (Complaint, ¶ 6).<br><br>• During a collective conversation with Dan Fillenwarth, Travis Ihnen and Mike Martin, it was represented to Plaintiff that Envelop Group was assuming all service warranty responsibilities of VCS and that OCS was the exclusive representative to manage equipment warranties for the HVAC Units. (Complaint, ¶ 45). |
| How | • During a collective conversation with Dan Fillenwarth, Travis Ihnen and Mike Martin, it was represented to Plaintiff that Envelop Group |

|  | was assuming all service warranty responsibilities of VCS and that OCS was the exclusive representative to manage equipment warranties for the HVAC Units. (Complaint, ¶ 45).<br><br>• Each of the aforementioned representations were made in order to induce Plaintiff to contract with Envelop Group, OCS and/or VCS, and/or to delay provision of warranties made to Plaintiff, and/or to induce Plaintiff to continue to do business with Envelop Group, OCS and/or VCS. (Complaint, ¶ 45).<br><br>• Envelop Group made these false, material representations to induce Plaintiff to act, or refrain from acting, including but not limited to entering into contracts, agreeing to purchase additional services and products to service the HVAC Units and agreeing not to terminate the business relationship when the HVAC Units were failing. (Complaint, ¶ 67).<br><br>• Envelop Group intentionally and/or recklessly concealed material information from Plaintiff intending that Plaintiff act, or refrain from acting, in ignorance of the material information that VCS OCS, and Envelop Group was concealing. (Complaint, ¶ 72). |
|---|---|

As shown, the claims sounding in fraud, including misrepresentation, fraudulent concealment and fraudulent inducement, have been plead with the requisite particularity under the heightened Rule 9(b) standard.

Simply put, from Cardinal Square's Complaint, the who, what, when, where and how of the alleged fraud can be discerned: (*1*) who—Envelop Group, (*2*) what—made representations to

Plaintiff regarding Envelop Group's assumption of warranties, control over OCS/VCS and its required involvement in resolution of the various deficiencies of the HVAC Units, (*3*) when—at various times between the initial commissioning of the HVAC Units until early 2018, (*4*) where—during conversations between Plaintiff, Dan Fillenwarth, Travis Ihnen and Mike Martin, and (*5*) how—by false or intentionally misleading representations, omissions and concealment of fact.

Envelop Group's Motion does not address the implications of the allegations that it represented to Plaintiff it "owned, controlled and was responsible for the actions of VCS and OCS" which were alleged in the Complaint. (Complaint, ¶ 45). Significantly, these allegations, if taken as true, render all of the allegations in the Complaint regarding representations, acts, and omissions of VCS and OCS applicable to Envelop Group.

Additionally, Plaintiff's argument that the Complaint contains inconsistencies is simply not true and does not provide grounds for dismissal at the pleadings stage. Envelop Group argues the Plaintiff creates inconsistencies by alleging OCS represented it was the "exclusive representative to manage equipment warranties" and also that Envelop Group later represented to Plaintiff that it was "assuming all service warranty responsibilities of OCS". (Memo. at 5). Envelop Group also argues these allegations contradict the purchase order between VCS and Cardinal Square attached to the Complaint. (Id.) To the contrary, what Envelop Group calls "inconsistencies" are allegations which bolster Cardinal Square's fraud-based claims that Envelop Group "made false, material representations to induce Plaintiff to act, or refrain from acting, including but not limited to entering into contracts, agreeing to purchase additional services and products to service the HVAC Units and agreeing not to terminate the business relationship when the HVAC Units were failing." (Complaint, ¶ 67). On that score, the case cited by Plaintiff, *Adelekan v. Dec,* 2013 WL 1499037, 2013 U.S. Dist. LEXIS 51749, at *4 (N.D. Ill. Apr. 10, 2013), does not stand for the

7

proposition that "inconsistencies *alone* justify dismissing Envelop Group from this case." (Memo. at 5 (emphasis added)). In *Adelekan*, the court dismissed one defendant in an employment discrimination suit because "not a single further assertion in the [complaint] speaks of anything said or done by [defendant] and another because the complaint failed to characterize the defendant as a separate entity, as his employer, or as a d/b/a in a "feeble effort to escape the consequences of not naming [the defendant] as a party charged before the EEOC." *Adelekan,* 2013 U.S. Dist. LEXIS 51749, at *4 (citing *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) ("Prior to filing suit under Title VII, a party must first file a charge of discrimination with the EEOC, 42 U.S.C. § 2000e-5(f)(1), and a party not named as the respondent in the charge may not ordinarily be sued in a private civil action under Title VII.") as the basis for dismissal.)

Regardless, Envelop Group's argument here tests the *merits* of the Complaint, not the *sufficiency* of the pleadings and therefore need not be entertained at this juncture. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) ("A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit.")

**B. Plaintiff Cardinal Square's Fraud-Based Claims Are Based on Representations of Existing Fact, Not Future Promises.**

Next, Envelop Group insists Plaintiff's fraud allegations are "future promises." (Memo. at 5.) Not true. The Complaint alleges "[d]uring a collective conversation with Dan Fillenwarth, Travis Ihnen and Mike Martin, it was represented to Plaintiff that Envelop Group was assuming all service warranty responsibilities of VCS" which indicates an existing statement of fact – not a future promise. (Complaint, ¶ 45). The Complaint also alleges Dan Fillenwarth represented to Plaintiff that "Envelop Group's involvement was necessary in order to resolve the various deficiencies to the HVAC Units caused by OCS and VCS. (Complaint, ¶ 45) – another present statement of fact which it appears Envelop Group now concedes was inaccurate based on its

8

representation that it provided no services respect to the HVAC systems at issue (Memo. at 1). Finally, the Complaint alleges "Dan Fillenwarth represented to Plaintiff that Envelop Group owned, controlled, and was responsible for the actions of VCS and OCS." (Complaint, ¶ 45). This allegation does not describe future promises; it is a representation of existing fact, namely, that Envelop Group controlled and was responsible for actions of VCS and OCS. These allegations, combined with Plaintiff's allegation that "Envelop Group now claims it does not own or control VCS or OCS" (Complaint, ¶ 45), constitute actionable fraud.

### C. Plaintiff's Allegations of Piercing the Corporate Veil Are Sufficiently Plead.

A court in Indiana will disregard the corporate identity and pierce the corporate veil if it is established that the "corporate form was so ignored, controlled or manipulated that it was merely the instrumentality of another and that the misuse of the corporate form would constitute a fraud or promote injustice." *Aronson v. Price*, 644 N.E.2d 864, 867 (Ind. 1994). This is a "highly fact-sensitive inquiry." *Ziese & Sons Excavating, Inc. v. Boyer Const. Corp.*, 965 N.E.2d 713, 719 (Ind. Ct. App. 2012) (citation omitted). Courts must consider several factors, including: (1) undercapitalization; (2) absence of corporate records; (3) fraudulent representation by corporation shareholders or directors; (4) use of the corporation to promote fraud, injustice, or illegal activities; (5) payment by the corporation of individual obligations; (6) commingling of assets and affairs; (7) failure to observe required corporate formalities; and (8) other shareholder acts or conduct ignoring, controlling, or manipulating the corporate form. *Id*. at 720.

A plaintiff may also argue two corporations are alter-egos. Such claims are a "subset of piercing the corporate veil," and plaintiffs proceeding under this theory must show that "that two corporations are so closely connected that the plaintiff should be able to sue one for the actions of the other." *Id*. (citation omitted). Courts assessing this theory of liability consider additional factors, including, 1) whether similar corporate names were used, 2) whether the corporations

shared common officers and employees, 3) whether the business purposes of the corporations were similar, and 4) whether the corporations were located in the same office space. *Id*. Under either theory, dispositive weight is not given to any single factor; instead, a court must conduct "a careful review of the entire relationship between [the] various corporate entities[.]" *Id*. at 719-20.

Here, the Complaint alleges Envelop Group represented to Plaintiff that (1) Envelop Group was the parent company of OCS and VCS; (2) that Envelop Group owned, controlled and was responsible for the actions of VCS and OCS; and (3) that Plaintiff needed to work directly with Envelop Group to resolve the disputes at issue regarding VCS and OCS and the service provided pursuant to the purchase agreement entered into between Plaintiff and VCS. The Complaint further alleges Envelop Group has waived corporate separateness and that continued recognition of corporate separateness would promote an injustice or fraud to Plaintiff.

More specifically, Plaintiff makes the following allegations sufficient to meet the applicable pleadings standards: representations by members of Envelop Group, including Dan Fillenwarth, Mike Martin and Travis Ihen (Complaint ¶ 20, 45, 65-67); use of the corporate form to promote fraud and injustice by making representations to Plaintiff that it need to be involved in order to resolve the issues in this case in order to cause delay, making representations to Plaintiff on behalf of VCS and OCS in order to avoid liability for those entities (Complaint, ¶¶ 45, 67, 75); allegations that Envelop Group was a shell in order to avoid liability (Complaint, ¶¶ 99-110); and that Envelop Group acted as the agent of VCS and OCS (Complaint, ¶¶ 20). A similar analysis holds true with respect to Plaintiff's alter-ego claims. The Complaint alleges Envelop Group/OCS/VCS shared common members and employees (Complaint, ¶¶ 20); that the business purposes of the companies were similar; and that the companies are located in the same offices (Complaint, ¶¶ 2-4).

The Seventh Circuit has not opined on what pleading standards applies to piercing the corporate veil.[3] However, numerous other courts have addressed the issue and found mere notice pleading sufficient because piercing the corporate veil is an equitable theory of liability. *See, e.g., Burford v. Acc'tg Practice Sales, Inc.*, 2013 U.S. Dist. LEXIS 66827, at *10 (S.D. Ill. May 10, 2013) ("[A]llegations to support piercing the corporate veil need not be pled with the specificity required by Federal Rule of Civil Procedure 9(b); mere notice pleading under Rule 8(a) is sufficient.") (*citing Flentye v. Kathrein*, 485 F. Supp. 2d 903, 912-13 (N.D. Ill. 2007)); *Time Warner Cable, Inc. v. Networks Grp., LLC*, 2010 U.S. Dist. LEXIS 93855, at *12-13 (S.D.N.Y. Sept. 9, 2010) ("The defendants argue that to the extent the plaintiff alleges fraud, Rule 9(b) applies. . . . Several district courts in this district have applied Rule 9(b) to claims to pierce the corporate veil that are based on a defendant's fraudulent conduct. *See, e.g., DirecTV Latin America LLC v. Park*, 610 LLC, 691 F. Supp. 2d 405, 432 (S.D.N.Y. 2010); *In re Currency Conversion Antitrust Litig.*, 265 F. Supp. 2d 385, 425 (S.D.N.Y. 2003) ("Rule 8 is the appropriate standard to weigh the sufficiency of the plaintiff's allegations to pierce the corporate veil."); *Taurus IP, LLC v. DaimlerChrysler Corp.*, 519 F. Supp. 2d 905, 925 (W.D. Wis. 2007), *aff'd, Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 2013 U.S. App. LEXIS 16507 (Fed. Cir., Aug. 9, 2013) (piercing the corporate veil is an equitable remedy, not a claim, and Rules 8 and 9 require litigants to plead claims, not remedies).

Overall, Plaintiff's Complaint paints a picture of several corporate entities that were operated by the same individuals; that intermingled their businesses; that shared office space and business purposes; and that were operated in a way that facilitated fraud and injustice against

---

[3] Incidentally, Envelop Group does not argue for dismissal based on failure to meet any specified pleading standard but instead, and in conclusory fashion, argues merely that the Complaint does not allege the piercing the corporate veil factors. (Memo. at 6 ("None of these problems have been alleged, let alone shown").

Plaintiff.  Plaintiff has provided enough detail that Envelop Group has fair notice of the veil-piercing and alter-ego claims against it, in addition to Plaintiff's other fraud-based causes of action.

As shown herein, Plaintiff has properly stated its claims against Envelop Group as to all counts asserted by it in the Complaint, and the Court should deny the Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court deny the Motion to Dismiss in full.

> Respectfully submitted,
>
> /s/ *Jonathan Matthews*
> JONATHAN H. MATTHEWS
> Gaddis & Matthews PLLC
> 10345 Linn Station Rd, Ste 300
> Louisville, Kentucky 40223
> jon@gaddismatthews.com
> Phone: 502-805-2303
> Fax: 502-805-2304
> *Counsel for Plaintiff*
> *Cardinal Square, LLC*

## CERTIFICATE OF SERVICE

      This is to certify that on this 9th day of May, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System and the foregoing document was served electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures upon all parties in the electronic filing system in the case by electronic mail including:

MATT MCCUBBINS
MARK A. VOIGTMANN
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Matt.McCubbins@FaegreBD.com
Mark.Voigtmann@FaegreBD.com
*Counsel for Defendants,*
*Envelop Group, LLC;*
*Validated Custom Solutions, LLC;*
*and Open Control Systems, LLC*

GENE F. ZIPPERLE, JR.
MAX SMITH
Ward Hocker & Thornton, PLLC
Hurstbourne Place, Suite 700
9300 Shelbyville Road
Louisville, Kentucky 40222
GZipperle@whtlaw.com
Max.smith@whtlaw.com
*Counsel for Defendant,*
*LG Electronics U.S.A., Inc.*

                                                  /s/ *Jonathan Matthews*
                                              *Counsel for Plaintiff*