UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARDINAL SQUARE, LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:18-cv-03351-RLY-DLP |
| | ) Electronically Filed |
| ENVELOP GROUP, LLC, | ) |
| VALIDATED CUSTOM SOLUTIONS, LLC, | ) |
| OPEN CONTROL SYSTEMS, LLC, | ) |
| LG ELECTRONICS USA, INC., | ) |
| LG ELECTRONICS, INC., | ) |
| Defendants. | ) |
| OPEN CONTROL SYSTEMS, LLC, | ) |
| Counter Claimant, | ) |
| v. | ) |
| CARDINAL SQUARE, LLC, | ) |
| Counter Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF
CARDINAL SQUARE, LLC'S MOTION FOR LEAVE
TO FILE THIRD AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiff Cardinal Square, LLC, moves the Court for leave to amend its Complaint to add LG Electronics, Inc. ("LG Korea") as a party defendant.[1] Rule 15 of the Federal Rules of Civil

---

[1] A copy of Cardinal Square's proposed Third Amended Complaint is attached as Exhibit 1. *See* S.D. Ind. L.R. 15-1(a)(1).

Procedure allows the Court to grant leave to amend "when justice so requires." Rule 21 allows the Court to add a new party "at any time, on just terms." And basic equity bars a corporate parent from avoiding liability through a procedural "gotcha" argument (e.g., failure to join an indispensable party or the statute of limitations) when false representations by its subsidiary caused the plaintiff not to join the parent in the suit.

From the day it filed its first answer in June 2018, LG Electronics U.S.A., Inc. ("LG USA") admitted and maintained that it—*LG USA*—designed and manufactured the HVAC units at issue in this case. Cardinal Square relied on this representation and had no reason to believe that any other LG party was indispensable to prosecuting this case. That changed this month when LG USA moved to amend its answer to deny that it manufactured the HVAC units, and the Court granted LG USA's motion. Cardinal Square has since learned that LG Korea manufactures all LG-branded HVAC equipment.

The Court should therefore grant Cardinal Square the opportunity to amend its complaint to add LG Korea. Rules 15 and 21 grant the Court discretion to grant this relief, and doing so is necessary for the parties to resolve this dispute on the merits. Neither LG USA nor LG Korea will suffer any undue prejudice. On the contrary, given LG USA's hand in misleading Cardinal Square (and the Court) about the identity of the manufacturer, *Cardinal Square* would suffer undue prejudice if the Court denied leave to amend. Because the case is still in the early stages of discovery, the parties will have sufficient time to deal with the changed dynamics, which includes new counsel for both Cardinal Square and LG.

## ARGUMENT

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A trial court cannot deny leave to amend "unless there is a substantial reason to do so." *Dussuoy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Rule 15's liberal policy "is based in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations." *Gregg Commc'ns Sys., Inc. v. Am. Tel. & Tel. Co.*, 98 F.R.D. 715,

720 (N.D. Ill. 1983).[2] Thus, leave to amend "shall be granted absent any evidence of bad faith, dilatory motive, undue delay, or unfair prejudice to the opposing party." *Harman v. Regional Federal Credit Union*, 2010 WL 4553665, at *1 (N.D. Ind. 2010) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Consistent with Rule 15's liberal amendment policy, Rule 21 grants the Court wide latitude to order joinder of a new party. "On motion or on its own, the court may *at any time*, on just terms, add or drop a party." Fed. R. Civ. P. 21 (emphasis added).

I. **The Court should grant Cardinal Square leave to amend its pleadings to add LG Korea, the manufacturer of the HVAC units at issue.**

Justice requires granting Cardinal Square leave to amend, and there is no substantial reason to deny leave. Cardinal Square alleged in both its original Complaint and First Amended Complaint (dated May 18 and May 25, 2018, respectively) that LG USA manufactured the HVAC units at issue. (Doc. 1-1, Compl. at ¶¶ 53–54; First Am. Compl. at ¶¶ 86–87.) LG USA admitted these allegations. (Doc. 14, LG USA Ans., at ¶¶ 50–51.) In its Second Amended Complaint (dated April 4, 2019), Cardinal Square alleged that LG USA "is the ***designer, manufacturer*** and seller of the HVAC Units" at issue. (Doc. 56 at 13, ¶ 86 (emphasis added).) LG USA originally admitted this allegation as well. (Doc. 62, LG USA Ans., at ¶¶ 51–52.) But just this month, after this case has been pending for over a year, LG USA backtracked, moved to amend its answer, and now denies that it designed and manufactured the HVAC units. (Doc. 87, LG USA Am. Ans., at ¶¶ 51–52.) We now know that LG USA's parent company, LG Korea, manufactures all LG-branded HVAC units, a fact that LG USA never disclosed—not during discovery,[3] and ***not even in its Motion for Leave to Amend***.

---

[2] *See also* Wright & Miller, *Federal Practice & Procedure*, § 1471, at 505–06 (1990 ed.) ("the Rule's purpose is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities.").

[3] Cardinal Square served interrogatories and requests for production on LG USA in June 2019. A number of the interrogatories sought information about product quality and quality controls. LG USA still has not answered these interrogatories, and Cardinal Square expects LG USA to deny knowledge about the manufacture and design process in light of its amended answer. LG USA did not disclose any LG Korea witnesses in its initial disclosures or witness list. In a potential foreshadowing of a procedural "gotcha,"

3

So for over a year now, LG USA has misrepresented that it designed and manufactured the HVAC units at issue. LG USA also actively avoided answering interrogatories and making disclosures that would have revealed the truth. LG USA's preliminary witness list discloses a single witness—Dan Hansen of LG USA (*see* Doc. 48 at 2)—but does not identify a single witness from LG Korea or from LG Alabama, despite both entities having significant roles in the after-market servicing of LG-branded HVAC equipment. LG USA takes a half-step toward correcting the misrepresentations by amending its answer to deny that it designed or manufactured the units—it just omits telling either Cardinal Square or the Court that its parent company, LG Korea did.

Because this case involves a product defect, Cardinal Square must join the product designer and manufacturer—LG Korea—in the action to obtain complete relief. "Justice so requires" it. Indeed, courts faced with similar situations have granted leave to amend. In *Funnelcap, Inc. v. Orion Industries, Inc.*, defendant Orion Industries filed pleadings and other papers claiming it owned "Hollywood Accessories" despite having sold that piece of its business to a third party named "Cal Customs." 392 F. Supp. 938, 941–42 (D. Del. 1975). The trial court granted the plaintiff leave to add third party Cal Customs as a defendant because any "delay between the filing of the complaint and the offer of the amendment [was] principally the result of the approach taken by Orion in the papers filed by it." *Id.* The case for allowing amendment is even stronger here: LG Korea is LG USA's parent company—not an unrelated third party like in *Funnelcap*. Any arguable prejudice to LG Korea therefore stems from misrepresentations and omissions made by its own subsidiary, not from any improper actions or tactical delay by Cardinal Square. *See Morrison v. Lefevre*, 592 F. Supp. 1052, 1058 (S.D.N.Y. 1984) (allowing the complaint to be amended because the plaintiffs failed to name several defendants was a tactical move on the defendants' part to prevent the plaintiffs from knowing who their complaint should have been filed against).

Furthermore, LG Korea will suffer no undue prejudice by joining the litigation. Cardinal Square prepared a new complaint and filed the present motion less than a month after LG USA

---

Defendant Validated Custom Solutions, LLC asserted as a defense in its Second Amended Complaint that "Plaintiff has failed to join all indispensable parties." (Doc. 59 at 13.)

amended its answer to deny manufacturing the units. The Court has not set a trial date, no party has taken a deposition, the parties still have outstanding written discovery to exchange, and no party has served expert disclosures or reports. The schedule can be amended to afford Cardinal Square the right to have the appropriate parties joined in the case (and served) while also giving LG Korea adequate time to get up to speed. Consequently, LG Korea will not suffer undue prejudice, and the Court should grant Cardinal Square leave to amend to add LG Korea as a party.

**II.     The Court should allow Cardinal Square's amendment to relate back to the date of its original complaint.**

Under Rule 15(c), an amendment that adds a party relates back to the date of the original complaint under two conditions. The first requires that "the claim or defense asserted in the amended pleading arose out of the conduct" alleged in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). Cardinal Square's proposed amendment satisfies this first condition, as it does nothing more than seek to add the correct designer/manufacturer of the HVAC units at issue. Based just on what we know now, without the benefit of full discovery, the basic facts remain the same.[4]

The second element requires the new party to receive "such notice of the action" that it will not suffer prejudice "in maintaining a defense on the merits" and that it "knew or should have known that the action would have been brought against it, but for a mistaken concerning the proper party's identity." Fed. R. Civ P. 15(c)(3). As shown below, LG Korea had sufficient notice of the suit under the Seventh Circuit's "identity of interest" test for deciding whether an amendment relates back to the original complaint. Besides, LG Korea should be estopped from asserting a statute of limitations defense due to its subsidiary's hand in misleading Cardinal Square about who manufactured the units—an effort that continued through LG USA's recent Motion for Leave to Amend.

---

[4] As shown in the proposed amendment, Cardinal Square's basic claims have not changed. Cardinal Square does, however, reserve the right to add additional claims should discovery reveal a basis for doing so.

### A. LG Korea had both actual and constructive notice, as it shared an identity of interest with LG USA.

The Seventh Circuit applies a liberal identity of interest test to Rule 15(c)'s notice requirement: "new parties may be added . . . in an action when the new and old parties have such an identity of interest that it can be assumed, or proved, that relation back is not prejudicial." *Staren v. Am. Nat'l Bank & Trust Co.*, 529 F.2d 1257, 1259, 1263 (7th Cir. 1976). A "current party and new party have an 'identity of interest' if they are so closely related in their business operations or other activities, that the institution of an action against one serves to provide notice of the litigation to the other." *Bayatfshar v. Aeronautical Radio, Inc.*, 934 F. Supp. 2d 138, 145 (D.D.C. 2013) (internal quotations omitted). The "'identity of interest principle is often applied where the original and added parties are a parent corporation and its wholly owned subsidiary,' or when two related corporations are involved . . . ." *Id.* (quoting *Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99, 102–03 (1st Cir. 1979)).

When a defendant waits to claim "it is not the party to be sued, there is a presumption that the true defendant received the notice required by the rule, especially if there is a strong business . . . relationship between the party and the originally named defendant." Wright & Miller, *6A Federal Practice & Procedure*, § 1500 (2019 ed.). For instance, in *William H. McGee & Co. v. M/V Ming Plenty*, 164 F.R.D. 601 (S.D.N.Y. 1995), the plaintiff sought leave to add "Kenney Korea" as a defendant after it mistakenly sued "Kenney USA." The trial court allowed the amendment and held that it related back in part because the companies used similar brand names and the same corporate logo, thus establishing an identity of interest. In *Lee v. Toshiba Machinery Co. of Am.*, 804 F. Supp. 1029, 1033–34 (E.D. Tenn. 1992), a trial court held that a plaintiff's product defect action against a wholly-owned subsidiary gave the parent company—the product manufacturer—notice under Rule 15(c) because the complaint made clear that the plaintiff intended to sue the manufacturer.

Here, LG Korea is the parent and it designs and manufactures the HVAC units. LG USA is LG Korea's wholly-owned corporate subsidiary responsible for distributing the units. This

6

relationship, standing alone, constitutes a sufficient identity of interest to establish notice under Rule 15(c). *See Bayatfshar*, 934 F. Supp. 2d at 144 (holding parent and subsidiary "closely related enough in their business operations or other activities that serving notice to" one "sufficiently provided notice to" the other). In addition, like the plaintiff in *William H. McGee*, Cardinal Square seeks leave to add a parent company located in Korea that shares a strong identity of interest with its stateside subsidiary, including both a brand name and an identical corporate logo. And like the plaintiff in *Lee*, every iteration of Cardinal Square's complaint made clear that it intended to sue the product manufacturer. Cardinal Square only failed to join LG Korea in the action because it relied on LG USA's false admission that it designed and manufactured the units. These facts establish an identity of interest between LG USA and LG Korea sufficient to satisfy Rule 15(c)'s notice requirement, as the addition "is merely formal and in no way alters the known facts and issues on which the action is based." *Staren*, 529 F.2d at 1259.

There's also strong reason to believe that LG Korea received actual notice of the suit due to its identity of interest with LG USA. LG USA's long-serving General Counsel, Richard Wingate, works closely with LG Korea's legal team. According to Mr. Wingate's LinkedIn profile, LG Korea promoted him to his current position with LG USA, and he has since "[e]stablished policies and procedures for North, South, and Central America *in cooperation with [the] LGE Korea Legal team*."[5] It does not take a leap of faith to infer that Mr. Wingate keeps LG Korea apprised of pending litigation, especially where (as here) it involves a design or manufacturing defect claim that would implicate LG Korea.

Finally, courts tend to find the identity-of-interest element satisfied where the two corporate entities "have employed the same attorneys" in past litigation. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 473–74 (4th Cir. 2007)[6]. LG Korea and LG USA have employed the same set of attorneys in an action filed by Cardinal Square's new counsel that involved claims of defective

---

[5] https://www.linkedin.com/in/richard-wingate-4112bb1/ (emphasis added).
[6] *See also Kasko v. Am. Gage & Mach. Co.*, 90 F.R.D. 162, 163 (E.D. Pa. 1981).

LG-brand HVAC equipment. *See St. Gregory Cathedral School v. LG Elec., Inc. & LG Elec. U.S.A., Inc.*, 6:12-cv-739. LG USA and LG Korea also employed one set of attorneys in litigation before this Court over defective washing machines. *See Slabaugh v. LG Elec. USA, Inc. & LG Elec., Inc.*, 2015 WL 1144628 (S.D. Ind. 2015).

In sum, there is every reason to find that LG USA and LG Korea "have such an identity of interest that it can be assumed, or proved, that relation back is not prejudicial." *Staren*, 529 F.2d at 1259. Here, (1) LG USA and LG Korea share a presumed identity of interest; (2) LG USA prevented Cardinal Square from learning who manufactured the units at an earlier date by its false admissions and failure to respond to interrogatories; and (3) LG USA and LG Korea's shared legal representation is evidence of both actual and constructive notice. Thus, LG Korea had both actual and constructive notice sufficient to satisfy Rule 15(c).

**B.  LG Korea should also be estopped from asserting a statute of limitations defense.**

Equitable estoppel prevents a corporate entity from taking advantage of the statute of limitations following misstatements made by its corporate affiliate to a party plaintiff. "If the originally named defendant . . . either knowingly allows plaintiff to think plaintiff has sued the proper party or actually misleads plaintiff as to the identity of the proper party that should be held responsible, the new defendant will be estopped from asserting a statute-of-limitations defense." Wright & Miller, *6A Federal Practice & Procedure*, § 1500 (2019 ed.). In other words, a misnamed corporate entity cannot "hid[e] in the bushes so to speak and finally str[ike] the plaintiff from ambush" by asserting a statute of frauds defense. *Travelers Indem. Co. v. U.S. for Use of Construction Specialties Co.*, 382 F.2d 103, 106 (10th Cir. 1967) (upholding trial court's decision to allow joinder of subsidiary when misnamed parent filed "an answer to the initial complaint and at no time suggested that it was not the proper party to be sued until after the period of limitation had expired."); *see also Weade v. Trailways of New England, Inc.*, 325 F.2d 1000 (D.C. Cir. 1963) (finding new defendant estopped from asserting statute of limitations defense when a corporate affiliate did not disclose proper party until after limitations period ran).

As shown above, LG USA misled Cardinal Square about LG Korea's role in manufacturing the HVAC units at issue. LG USA could have easily clarified the relationship between the two entities and LG Korea's role in manufacturing the units earlier in the litigation. LG Korea should not get to gain a tactical advantage based on misrepresentations made by its subsidiary. The Court should therefore estop LG Korea from asserting a statute of limitations defense and instead find that Cardinal Squares amendment relates back to the date of its original complaint.

## CONCLUSION

The Court should grant Cardinal Square's Motion for Leave to Amend its Complaint to add LG Korea as a defendant. Rule 15, Rule 21, and basic equity require it.

Respectfully submitted this the 25th day of October, 2019.

/s/ *Parker M. Wornall*
Attorney for Cardinal Square, LLC

**OF COUNSEL:**
Jonathan H. Matthews
Parker M. Wornall
Commonwealth Counsel Group, PLLC
10345 Linn Station Rd, Ste 300
Louisville, Kentucky 40223
jon@ccgattorneys.com
parker@ccgattorneys.com
Phone: 502-805-2303
Fax: 502-805-2304

Sean W. Shirley (sshirley@balch.com) (pro hac vice application pending)
J. Russ Campbell (rcampbell@balch.com) (pro hac vice application pending)
Ryan M. Hodinka (rhodinka@balch.com) (pro hac vice application pending)
Balch & Bingham LLP
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8799

## CERTIFICATE OF SEVICE

This is to certify that on this 25th day of October, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System and the foregoing document was served electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures upon all parties in the electronic filing system in the case by electronic mail including:

Matt McCubbins
Faegre Baker Daniels LLP
110 W. Berry St., Ste. 2400
Fort Wayne, Indiana 46802
Matt.McCubbins@FaegreBD.com
*Counsel for Defendants,*
*Envelop Group, LLC;*
*Validated Custom Solutions, LLC;*
*and Open Control Systems, LLC.*


Alexander M. Andrews
Frederic X. Shadley
Kimberly L. Beck
Ulmer and Berne, LLP
65 East State Street, Suite 1100
Columbus, Ohio 43215-4213
aandrews@ulmer.com
fshadley@ulmer.com
kbeck@ulmer.com
*Counsel for Defendant,*
*LG Electronics U.S.A., Inc*

                                                   /s/ *Parker M. Wornall*
                                                 Of Counsel