**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| CARDINAL SQUARE, LLC<br>    Plaintiff,<br><br>v.<br><br>ENVELOP GROUP, LLC, VALIDFATED CUSTOM SOLUTIONS, LLC, OPEN CONTROL SYSTEMS, LLC, LG ELECTRONICS USA, INC., and LG ELECTRONICS, INC.<br>    Defendants.<br>_____<br>OPEN CONTROL SYSTEMS, LLC,<br>    Counter Claimant,<br><br>v.<br><br>CARDINAL SQUARE, LLC,<br>    Counter Defendant.<br>_____<br>LG ELECTRONICS U.S.A., INC.,<br>    Defendant/Third-Party Plaintiff,<br><br>v.<br><br>CARRAS-SZANY-KUHN & ASSOCIATES, INC., EPIC CONSULTATNTS, INC., WHITTENBERG CONSTRUCTION COMPANY, ENVIRO-MAX, INC, and LEHMAN'S INC.,<br>    Third-Party Defendants. | CAUSE NO.: 1:18-cv-03351-RLY-DLP |

**THIRD-PARTY DEFENDANT, WHITTENBERG CONSTRUCTION COMPANY'S BRIEF  IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Third-Party Defendant, Whittenberg Construction Company, by counsel, Christine Bond and Kopka Pinkus Dolin P.C. files this brief in support of its motion to dismiss the Third-Party Plaintiff, LG Electronics  Third-Party Complaint filed on February 4, 2020.

1

**Factual Background**

Plaintiff Cardinal Square, LLC ("Cardinal Square") have filed a complaint against Envelop Group, LLC ("Envelop"), Validated Custom Solutions, LLC ("Validated"), Open Control Systems, Inc. ("OCS"), LG Electronics U.S.A., Inc. ("LG USA"), and LG Electronics, Inc. ("LG"). Cardinal Square's allegations stem from recurring issues that they have experienced with LG HVAC units installed at Village Promenade - a group of student housing apartment buildings in Muncie, Indiana owned by Cardinal Square.

Validated and/or OCS installed and maintained the HVAC units. Cardinal Square alleged that Envelop was involved in the installed and maintenance of the HVAC units by way of their relationship with Validated and/or OCS.

As to the claims against LG, Cardinal Square has asserted product liability claims under both; strict liability and negligence theories as well as under a theory of implied warranty.

LG has denied the Plaintiffs' allegations against it and has identified Carras-Szany-Kuhn & Associates Inc. Epic Consultants, Inc., Whittenberg Construction Enviro-Max Inc., and Lehmans Inc and others, as non-parties that LG contends should share in the liability pursuant to the Indiana Comparative Fault Act. LG then proceeded to file a Third-Party Complaint seeking indemnification from the third-party Defendants if in the event a judgement is rendered against LG. LG's claims against the third-party Defendants were based upon various theories of negligence with regard to the design, supervision or installation of the HVAC systems at issue.

The allegations contained in LG's Third Party Complaint against Whittenberg Construction Company LG allege that Whittenberg as the General contractor for the Village Promenade Project was negligent in its retention of subcontractors Enviro-Max Inc., and Lehman's Inc. LG contends that the subcontractors negligently installed the HVAC units which resulted in

2

the performance issues that are the subject of the Plaintiff's complaint for damages. As such, LG's third-party complaint seeks indemnification from Whittenberg Construction Company for any judgement rendered in Plaintiff's favor.

## LEGAL STANDARDS

### A. Rule 12(b)(6) Standards For Dismissal For Failure To State A Claim

A Motion to Dismiss pursuant to Rule 12(b)(6) does not test whether the Plaintiff will prevail on the merits, but instead whether the claimant has properly stated a claim. See *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted."See, Fed. R. Civ. P. 12(b)(6); see also, *Target Training Int'l, Ltd. v. Lee*, 1 F. Supp. 3d 927, 936-937. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Rule 12(b)(6) permits dismissal of a claim that lacks a cognizable legal theory, in addition to permitting dismissal for factual implausibility. See, *Somers v. Apple, Inc.*, 729 F. 3d 953, 959 (9th Cir. 2013). A claim may be dismissed if it is based on an "indisputably meritless legal theory." See, *Ball v. Famiglio*, 726 F. 3d 448, 469 (3d Cir. 2013). "Dismissal is appropriate if the law simply affords no relief." *Commonwealth Property Advocates, LLC, v. Mortgage Electronic Registration Sys., Inc.*, 680 F. 3d 1194, 1202 (10th Cir. 2011). Dismissal is appropriate where the facts pled do not state a cognizable claim under the operative substantive State law. See, cf. *Brown v. Mortgage Electronic Registration Sys., Inc.,*

738 F. 3d 926, 933-934 (facts pled did not state a cognizable claim under substantive Arkansas law).

## ARGUMENT

LG cannot point to and any privity of contract existed between Whittenberg Construction Company and LG, from which the contractual right to indemnity which would normally flow. LG did not claim this as there simply there was no privity of contract between LG and Whittenberg Construction Company. Additionally, LG has not alleged that there is a statutory obligation mandating that Whittenberg Construction Company indemnify LG. This being, because there is no statutory basis for indemnification given the facts of this matter. This would leave LG's the sole remaining basis for which LG could bring an indemnity claim as under Indiana common law.

Under Indiana law, in the absence of an express contractual or statutory right to indemnity, a party may only bring a common law indemnity claim if they are without fault. See *Indianapolis-Marion Cty. Pub. Library v. Charlier Clark & Linard, PC,* 929 N.E.2d 838, 848 (Ind.Ct. App. 2010). A common law right to indemnity may by implied "only in favor of one whose liability to another is *solely derivative or constructive* and only against one whose wrongful act has caused such liability to be imposed." *Indianapolis-Marion County Pub. Library,* 929 N.E.2d at 848 (emphasis added). "[D]erivative liability arises pursuant to either an employer/employee relationship (respondeat superior) or a manufacturer/seller relationship." Id. at 849 n.10 (citing *McClish v. Niagara Mach. & Tool Works*, 266 F. Supp. 987, 989-90 (S.D. Ind. 1967)). Constructive liability arises when a statute or rule of law imposes a nondelegable duty on a party, rendering him liable when he is otherwise without fault. See *McClish*, 266 F. Supp. at 990.

Any liability incurred in this matter on the part of LG cannot be found to be constructive. As discussed above, there is no statute or rule of law that would impose a nondelegable duty under

4

which a basis for indemnification would form. Additionally, there is no basis for the imposition of derivative liability to arise as there is neither an employee/employer or manufacturer/seller relationship in existence between LG and Whittenberg Construction Company. As neither derivative nor constructive liability exists in the instant matter even if the matter was ripe for adjudication there would be no basis in common-law to indemnity recovery by LG against Whittenberg Construction Company as alleged in the Third-Party Complaint. As there exist neither derivative nor constructive liability on the part of Whittenberg Construction Company.

As Indiana law does not recognize an indemnity claim implied at common law in the absence of derivative or constructive liability, no circumstances exist in which LG would have the right to be indemnified by Whittenberg Construction Company in the instant matter.

## **CONCLUSION**

LG's claim would fail as there is no basis for indemnification under a theory of contractual privity, statutory indemnity or Indiana common-law by which LG could possibly be indemnified. As LG's third-party complaint fails to state a cognizable claim upon which relief can be granted it should accordingly be denied.

WHEREFORE, Defendant respectfully requests that this Court grant its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted:

KOPKA PINKUS DOLIN PC

By: */s/ Christine Riesner Bond*
CHRISTINE RIESNER BOND (#24667-49)
KOPKA PINKUS DOLIN PC
550 Congressional Blvd.
Suite 310
Carmel, IN 46032
(317) 818-1360
Fax: (317) 818-1390
Email: crbond@kopkalaw.com


DANIEL P. COSTELLO & ASSOCIATES, LLC

By: */s/ Brian C. Brenn*
BRIAN C. BRENN (#29841-49)
DANIEL P. COSTELLO & ASSOCIATES, LLC
13295 N. Illinois St., Ste. 314
Carmel, IN 46032
(317) 342-3299
Email: bbrenn@costellolegal.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 21st day of April, 2020, the foregoing is filed through the Court's ECF system and notice has been electronically served on all counsel of record**.**

Matt R. McCubbins
Mark A. Voigtmann
Faegre Drinker Biddle & Reath LLP
300 Morth Meridian Street, Suite 2500
Indianapolis, IN  46204

Alexander M. Andrews
Frederic X. Shadley
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, OH  45202

J. Russ Campbell
Ryan Hodinka
Sean W. Shirley
Balch & Bingham LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL  35203-4642

Johathan H. Matthews
Parker M. Wornall
Commonwealth Counsel Group, PLLC
10345 Linn Station Road, Suite 300
Louisville, KY  40223

Mark R. McKinney
McKinney & Malapit PC
114 E. Washington St.
Muncie, IN  47305

Brian C. Brenn
Daniel P. Costello & Associates, LLC
13295 N. Illinois St., Ste. 314
Carmel, IN  46032

                                                *Christine Riesner Bond*