UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARDINAL SQUARE, LLC, | ) |
| Plaintiff, | ) Civil Action No. 1:18-cv-03351-RLY-DLP |
| vs. | ) |
| ENVELOP GROUP, LLC, *et al.*, | ) JUDGE RICHARD L. YOUNG |
| Defendants. | ) MAGISTRATE JUDGE DORIS L. PRYOR |
| OPEN CONTROL SYSTEMS, LLC, | ) |
| Counter Claimant, | ) |
| vs. | ) |
| CARDINAL SQUARE, LLC, | ) |
| Counter Defendant. | ) |
| LG ELECTRONICS U.S.A., INC. | ) |
| Defendant – Third Party Plaintiff, | ) |
| vs. | ) |
| CARRAS-SZANY-KUHN & ASSOCIATES, INC., *et al.* | ) |
| Third Party Defendants. | ) |

**REPLY IN SUPPORT OF DEFENDANT LG ELECTRONICS U.S.A., INC.'S, MOTION
FOR LEAVE TO FILE AN AMENDED THIRD PARTY COMPLAINT**

I.  INTRODUCTION

Third Party Defendant, Epic Consultants, Inc. ("Epic"), has failed to show good reason for the Court to deny Third Party Plaintiff LG Electronics U.S.A., Inc.'s ("LGEUS"), motion for leave to file an amended third party complaint. LGEUS promptly moved for leave to amend its recently filed complaint upon learning of new information and evidence. Thus, granting LGEUS leave to file an amended third party complaint will not impose unfair prejudice or cause undue delay to any party in this lawsuit.

Moreover, LGEUS's claims are sufficiently pleaded in its amended third party complaint; therefore, amendment is not futile. Accordingly, Rule 15(a)(2) requires the Court to freely grant LGEUS leave to amend its third party complaint.

II.  LAW AND ARGUMENT

A.  LEAVE TO AMEND SHOULD BE FREELY GIVEN AT THIS EARLY STAGE

"As a general rule, leave to amend [a third party] complaint should be granted liberally, especially in the early stages of [a] lawsuit." *McManaway v. KBR, Inc.*, 2009 WL 10689662, at *1 (S.D. Ind. Aug. 17, 2009) (emphasis added). Rule 15(a)(2) "instructs courts to 'freely give leave when justice so requires,' and thus district courts should not deny leave absent a 'good reason'—such as futility, undue delay, prejudice, or bad faith." *Vermillion v. Levenhagen*, 2019 WL 7561168, at *1 (S.D. Ind. Apr. 26, 2019) (quoting *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 417 (7th Cir. 2019)).

The Seventh Circuit has endorsed the reasoning of Professors Wright and Miller for freely granting leave to amend a complaint:

> The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that plaintiff be given every opportunity to cure a formal defect in his pleading. This is true even though the court doubts that plaintiff will be able to overcome the defects in his initial pleading. Amendment should be refused only if it appears to a certainty that plaintiff cannot

> state a claim. The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.

*Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 520 (7th Cir. 2015) (quoting *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990).

LGEUS recently filed its third party complaint on February 4, 2020. (Dkt. 118.) This is LGEUS's first request for leave to file an amended third party complaint. Furthermore, the amendment is timely as there is presently no deadline to amend pleadings. When further investigation and discovery revealed information unknown to LGEUS at the time of filing its original third party complaint, LGEUS promptly moved for leave to file an amended third party complaint dismissing certain defendants, adding a defendant, and clarifying certain allegations. LGEUS's request to amend is not made in bad faith nor would it impose unfair prejudice or cause undue delay at this stage in the litigation.

    **B.**    **AMENDMENT WOULD NOT BE FUTILE.**

Epic's only basis for its opposition is an assertion that allowing LGEUS leave to amend its third party complaint would be futile. (Dkt. 181, Opp. at ¶ 7.) However, this argument is not a proper ground for denying LGEUS leave to amend as any alleged defect is not so obvious to suggest futility. *See McManaway*, 2009 WL 10689662, at *1. Granting leave is futile only if the amended third party complaint would be unable to survive a Rule 12(b)(6) motion to dismiss. *See Carlson v. CSX Transp.*, 2013 WL 3872512, at *3 (S.D. Ind. July 25, 2013).

"[T]o survive a motion to dismiss, a third party complaint must "state a claim to relief that is plausible on its face." *Id.* (*Quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct.

3

1955, 1973, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the [third party] plaintiff pleads factual content that allows the court to draw the reasonable inference that the [third party] defendant is liable for the misconduct alleged, not when the [third party] plaintiff only raises a sheer possibility that the [third party] defendant has acted unlawfully." *Id*. (internal quotations omitted). "The court must treat the factual allegations in the [third party] complaint as true, construe the allegations liberally, and draw all reasonable inferences in the [third party] plaintiff's favor." *Id*. Accordingly, the facts outlined in LGEUS's proposed amended third party complaint are accepted as true.

LGEUS has complied with the pleading requirements under Rule 8(a)(2) by giving Epic "fair notice of what the . . . claim is and the ground on which it rests." *Id*. (quoting *Twombly*, 550 U.S. at 555). "A complaint need not make detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but it must contain more than 'an unadorned, the defendant-unlawfully-harmed me accusation.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 137 L.Ed.2d 868 (2009)).

LGEUS has well-pleaded its indemnification claims, including whether relationships or duties exist between the parties that would impose derivative or constructive liability on Epic:

> 17. Epic, as consulting engineer for the Village Promenade development, owed a duty to Plaintiff, Whittenberg, LGEUS and the public to review and approve specifications, drawings, and plans in a professional manner and in accordance with applicable building codes and standards, including those governing and prescribing adequate building ventilation, and to use care in the approval of the design, specifications and installation of the LG VRF HVAC systems in the two buildings at Village Promenade.
>
> 18. Further, Epic owed a duty to Plaintiff, Whittenberg, LGEUS and the public to assure that the installation, commissioning and startup of the LG VRF HVAC systems at Village Promenade complied with the requirements and instructions of the manufacturer, LG Electronics Inc., as promulgated and issued by LGEUS.

19. Epic was negligent in its review and approval of specifications, drawings, and plans for the buildings at Village Promenade and in other respects as may be revealed during discovery herein.

20. Epic was negligent in failing to assure that the installation, commissioning and startup of the LG VRF HVAC systems at Village Promenade complied with the requirements and instructions of the manufacturer.

21. As a direct and proximate result of Epic's negligence, the buildings at Village Promenade allegedly failed to include adequate ventilation of the residential apartments and common areas and the LG VRF HVAC units were allegedly inadequately installed and commissioned.

22. As a direct and proximate result of Epic's negligence, the LG VRF HVAC units installed in the two buildings at Village Promenade were allegedly unable to perform properly, or failed prematurely, or required excessive service, maintenance or replacement.

23. As a direct and proximate result of Epic's negligence, Plaintiff allegedly sustained damages, as more fully described in Plaintiff's Third Amended Complaint.

24. LGEUS states that it is without actual fault in the causation of Plaintiff's alleged damages but may be compelled to pay damages because of the negligence of Epic for which LGEUS may be found constructively liable.

25. LGEUS states that its liability to Plaintiff, which liability is denied, is solely derivative or constructive and that the negligence of Epic may result in the imposition of derivative or constructive liability upon LGEUS.

(Dkt. 178-1, Exhibit A.)

Epic is well aware of the claims LGEUS is asserting against it and the grounds upon which they rest. Yet, Epic seemingly would require LGEUS to submit evidence in support of a *prima facie* case, but that is not the standard LGEUS's amended third party complaint must meet. Epic's reliance on *Thomas v. Lewis Eng'g, Inc.*, 848 N.E.2d 758, 759 (Ind. Ct. App. 2006) is misplaced. The court in *Thomas* was considering a motion for summary judgment, not determining whether a plaintiff's claims would survive a Rule 12(b)(6) motion. *See Carlson*, 2013 WL 3872512, at *4 n.2 (finding case relied on by defendant was "inapposite because that court was ruling on a

defendant's motion for summary judgment, not determining whether a plaintiff's claims would survive a Rule 12(b)(6) motion.").

Further, the substantive law of *Thomas*, as cited by Epic, is that Epic may be liable to LGEUS if Epic knew LGEUS would rely on Epic's professional opinion or service. *See Thomas*, 848 N.E.2d at 762 (emphasis added). Epic does not claim that it was unaware that LG VRF HVAC units would be used at Village Promenade. Indeed, the evidence will show that Epic was well aware that LG VRF HVAC units would be used in place of Daikin units originally specified by Plaintiff, and modified its HVAC designs accordingly. Further, Epic had previously designed at least one student apartment project that would use LG VRF HVAC units. Uptown East, a four building student apartment complex in Valparaiso, is a prime example. Moreover, a seller of components for a building, such as the HVAC units here, has a reasonable expectation that the building will be properly designed to accommodate its product. LGEUS had a right to rely upon Epic to perform its design duties professionally and carefully using its avowed expertise.

Because LGEUS's amended claim is facially plausible and satisfies the required elements, it would survive a motion to dismiss. Therefore, leave is not futile, and LGEUS's motion for leave to amend should be granted. *See Carlson*, 2013 WL 3872512, at *6.

### C. IT'S NOT JUST ABOUT EPIC.

In its haste to re-argue its Motion to Dismiss in its opposition to LGEUS' motion for leave, Epic ignores the fact that the primary purpose of LGEUS' amendment is to drop and add other parties. Those parties to be dropped from the case, Carras Szany (CSK) and Lehman's, Inc., would be prejudiced should the Court deny LGEUS leave to amend. LGEUS would be prejudiced if it is not permitted to add Lehman's Inc of Anderson, the actual installer of the LG VRF HVAC units

in Building 2 of Village Promenade. It would be further prejudiced if it is not permitted to amend its allegations against other Third Party Defendants.

Epic, however, would not be prejudiced. It is certainly free to re-file a motion to dismiss in opposition to the Amended Third Party Complaint. Under the circumstances, such a motion would be the more appropriate method to contest the viability of LGEUS' claims against it. The Court should allow LGEUS to amend its Third Party Complaint, as it involves the interests of parties other than Epic.

### III.   CONCLUSION

For the forgoing reasons, and those stated in LGEUS's memorandum in support of its motion for leave to file its amended third party complaint, LGEUS respectfully requests that this Court grant its motion for leave to file its amended third party complaint.

    Respectfully submitted,

/s/ *Alexander M. Andrews*
Alexander M. Andrews
ULMER & BERNE LLP
65 East State St., Suite 1100
Columbus, Ohio 43215
Ph: (614) 229-0002
Fax: (614) 229-0003
aandrews@ulmer.com

and

Frederic X. Shadley (17803-98)
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio  45202
Ph: (513) 698-5014
Fax: (513) 698-5015
fshadley@ulmer.com

*Attorneys for Defendant*
*LG Electronics U.S.A., Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of May, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF System, and the foregoing document was served electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures upon all parties in the electronic filing system in the case by electronic mail.

*/s/ Alexander M. Andrews*
Alexander M. Andrews

*One of the Attorneys for Defendant*
*LG Electronics U.S.A., Inc.*

COL1997:288090v1
29152.00080